THIBODEAUX, Chief Judge, dissenting.
The trial court erred in granting judgment in favor of the ATC in upholding the Commissioner's suspension of the alcohol permit based on the testimony of Agents Banks and Williams. Louisiana Revised Statutes 26:90(A)(11) states that "no person holding a retail dealer's permit and no agent, associate, employee, representative, or servant of any such person ... shall illegally sell, offer for sale, possess or permit the consumption on or about the licensed premises of any kind or type of narcotics or habit forming drugs." On appeal, Southland Entertainment contends that the facts, testimony, and evidence submitted at trial did not support the law and ruling issued by the district court. While I recognize the credibility deference due to the trial court, I find that taken as a whole, the record does not support the trial court's stated reasons for judgment. There is no objective evidence in the record to support the determination that patrons of Southland Entertainment were smoking marijuana on the premises with impunity. The record reflects only mere suspicions and subjective observations. Accordingly, my review of the record indicates that the trial court was clearly wrong in finding that Southland Entertainment violated La.R.S. 26:90(A)(11).
In Mart v. Hill , 505 So.2d 1120, 1127 (La.1987), the Louisiana Supreme Court stated:
[I]f an appellate court concludes that the trial court's factual findings are clearly wrong, the mere fact that some record *331 evidence appears which would furnish a reasonable factual basis for the contested findings does not require affirmance. Although appellate courts must accord great weight to the factual findings of the trial judge, these same courts have a duty to determine if the fact finder was justified in his conclusions. An appellate court is not required, because of the foregoing principles of appellate review, to affirm the trier of fact's refusal to accept as credible uncontradicted testimony or greatly preponderant objectively-corroborated testimony where the record indicates no sound reason for its rejection and where the factual finding itself has been reached by overlooking applicable legal principles.
At the conclusion of the surveillance and investigation period, Agent Banks submitted all of the undercover investigative reports to the ATC legal department for review. None of the written reports could substantiate through testing or verification that actual marijuana use was occurring. The submitted reports indicate that the officers and agents observed patrons of Southland Entertainment smoking suspected marijuana. However, no marijuana was ever confiscated, recovered, or field tested, and no patron was arrested for the use of an illegal drug. "Certainly, the factfinder should be accorded great latitude and discretion, but discretion must always be buttressed by sound judgment. It is not immutable." Butler v. Zapata Haynie Corp. , 92-71 (La.App. 3 Cir. 2/23/94), 633 So.2d 1274, 1278. The trial court reached its determination that Southland Entertainment had permitted the use of CDS by judging the case solely on the testimony of Agent Banks and his fellow officers. The trial judge's determination was not reasonable nor is it legally sustainable.
In determining whether an accident did occur aboard a vessel, this Court in Butler v. Zapata Haynie Corp. , 92-71 (La.App. 3 Cir. 2/23/94), 633 So.2d 1274, noted the need for documents, objective evidence, and objectively-corroborated testimony, in order to support the credibility findings of the lower court. The trial court rejected the testimony of the plaintiff and his witnesses, concluding that an accident did not occur aboard the vessel. On appeal, this Court examined the record as a whole, and found that it contained ample objective and documentary evidence to sufficiently overcome the trial court's credibility findings to support a reversal. Such evidence included testimony that was supported by statements from other crew members. The court found it important that these statements corroborated the testimony of the plaintiff.
Comparatively, there is nothing in this case to corroborate the testimony of Agents Banks and Agent Williams that patrons of Southland Entertainment were smoking marijuana on the premises. For example, at trial Agent Williams was asked:
Q: Do you have anything to suffice or sustain the fact that what you saw these individuals smoking was, in fact, marijuana?
A: Just my experience.
Such subjective observations are insufficient to warrant a finding that Southland Entertainment violated La.R.S. 26:90(A)(11). "Uncontroverted evidence should be taken as true to establish a fact for which it is offered absent any circumstances in the record casting suspicion as to the reliability of this evidence and sound reasons for its rejection." Guidry v. Lafayette Health Ventures, Inc. , 15-307 (La.App. 3 Cir. 7/20/16), 203 So.3d 436, 440. The circumstances in this case casting suspicion are that no arrests were made, no contraband was seized, and the State's main witness, a narcotics officer, only suspected *332 the presence of marijuana. No objective evidence was submitted to the court during the trial to prove that Southland Entertainment permitted any controlled dangerous substance to be consumed on the premises. Accordingly, the trial court was manifestly erroneous in its findings, and the majority compounds that error in affirming
For the foregoing reasons, I respectfully dissent.
COOKS, J., dissents for the reasons assigned by Thibodeaux, C.J., and also assigns additional reasons.
I join Chief Judge Thibodeaux's well-reasoned dissent and if only my pen could scream-I ask with exclamation to follow: When has constitutional due process rested on so little?!!! Can the government really take away a bar owner's ability to operate a club and earn a living just because an ATC agent "merely suspects a patron is smoking marijuana in the place?" Wow!!